PER CURIAM.
The contract before us is not a loan, nor is the deed to be considered as a mortgage. In both those contracts, money has been received upon a condition to be returned. In the case of a mortgage too, it is of no importance,' that the deed-. *1134 contains no covenant for re-payment: Such a covenant results from the nature of the transaction. In the agreement before us, however, no money has been received by the appellee’s intestate, and there was no contract on his part for its re-payment. It is true the transaction was intended to have the same effect, in his favour, as a loan. It was intended to' enable him to sell his land: Not, indeed, by preventing a sale, as a loan would have done, but by enabling him to re-purchase it, on the terms to be thereafter agreed on, and within the time specified. The appellant always refused to lend, to the appéllee’s intestate, the requisite sum, even under the security of a deed of trust, giving for a reason, among others, that it would distress him to sell the land again under such deed: But he consented to put the business in such a train as would, in the event of his becoming the purchaser, leave the land absolutely his, if the meditated conditions of re-purchase should not be ^complied with. If the contract had been consummated, as it related to the terms of re-purchase, and they had been unimpeachable in the eye of a court of equity, we can see no objection to the contract; and, if in that case, the conditions of re-purchase had not been duly complied with, the estate would have become absolute in the appellant: It would have been discharged from the privilege of repurchasing. So if the transaction could be considered in a separate and insulatéd point of view: If we could consider the appellant as the absolute owner of the land, the failure to agree on the price of re-purcháse would leave the land his, as well as a failure to comply with the terms when agreed on. The case of Smallwood v. Mercer, is a direct authority to shew this: In that case the contract was vacated, because the price of the land could not be fixed in the manner agreed on by the parties. But we cannot consider the transaction in this insulated point of view: The appellant was not the absolute owner of the land: He was, by the agreement, , only to become so on certain conditions; one of which was, that the terms of re-purchase should be fixed on by the parties. That has not been done in the present instance; nor was the intestate in default' in not doing it: And therefore it affects the contract in all its parts. Without this privilege of re-purchasing, the intestate would never have parted with his land for less than its value: And when this privilege is taken from him, the ' original purchase cannot stand. A purchase is not to be favoured, in a court of equity, when the consideration therefor has failed.
The contract is therefore tó be rescinded, on making just compensation. The measure of that compensation is the principal money with interest. We cannot go'into the foreign and speculative enquiry as to what sacrifices the appellant may have encountered in raising the money. We cannot vary our decree, under like circumstances, with the greater or lesser degree of prudence used by one of the contending parties.
On these grounds the decree is to be affirmed.